UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERWIN on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDI FOODS, INC., an Illinois corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:22-cv-01207-ADA-BAM<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(ECF No. 9) |

This matter is before the Court on Defendant ALDI Foods, Inc.'s [1] motion to compel arbitration. (ECF No. 9.) For the reasons explained below, the Court grants Defendant's motion and dismisses this action without prejudice.

**BACKGROUND**

**A.   Procedural History**

On July 25, 2022, Plaintiff Richard Erwin filed a class action Complaint in the Superior Court of California on behalf of himself and all others similarly situated against Defendant ALDI Foods, Inc., alleging eight state law causes of action: (1) Failure to Pay Wages (Cal. Lab. Code §§

---

[1] Plaintiff incorrectly named Defendant; instead, ALDI Foods, Inc. is AI California, LLC. (ECF No. 1 at 2.) The sole member of AI California, LLC is ALDI, Inc. with its place of incorporation in the State of Illinois; it owns 100% of Defendant. (*Id*. at 6-7.)

1

1924, 1199); (2) Failure to Provide Lawful Meal Periods Or Compensation in Lieu Thereof (Cal. Lab. Code §§ 226.7, 512; IWC Wage Orders); (3) Failure to Provide Rest Periods Or Compensation In Lieu Thereof (Cal. Lab. Code § 226.7; IWC Wage Orders); (4) Failure to Reimburse Employees (Cal. Lab. Code § 2802); (5) Failure to Timely Pay Wages During Employment (Cal. Lab. Code § 204); (6) Failure to Timely Pay Wages Due at Termination (Cal. Lab. Code. §§ 201-03); (7) Knowing and Intentional Failure to Comply with Itemized Employee Statement Provisions (Cal. Lab. Code § 226(b)); and (8) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-08). (ECF No. 1 at 2.) Plaintiff seeks to represent a class of current and former California employees of Defendant categorized as hourly, non-exempt employees. (*Id*. at 35.)

Defendant answered Plaintiff's Complaint on September 20, 2022, with 28 defenses listing "Arbitration" first and arguing Plaintiff's "claims are barred by their contractual agreement to arbitrate their individual claims," pursuant to an agreement Plaintiff signed at the start of his employment with Defendant. (ECF No. 1 at 2, 50.) Defendant then removed to this Court on September 22, 2022. (ECF No. 1 at 2.) On October 28, 2022, Defendant filed this motion to compel Plaintiff to arbitrate his claims, requesting dismissal of Plaintiff's action without prejudice. (ECF No. 9.) On November 14, 2022, Plaintiff filed a Statement of Non-Opposition to Defendant's motion, conceding, "Plaintiff's counsel has reviewed Defendant's presented arbitration agreement and finds that the agreement covers the claims present in Plaintiff's operative complaint" and agreeing to Defendant's "requested relief." (ECF No. 11 at 2.)[2]

**B.     Factual Background**

Defendant employed Plaintiff between approximately March 2020 to July 25, 2021, as a non-exempt Cashier and Stocking employee. (ECF No. 1 at 34.) His duties included, but were not limited to, working on the cash register and stocking shelves with inventory. (*Id*.) Plaintiff alleges Defendant implemented policies and procedures that precluded Plaintiff from being paid minimum

---

[2] In its Statement of Non-Opposition, Plaintiff misstates Defendant's requested relief as "a stay of this matter as presented in [Defendant's] Motion to Compel Arbitration." (ECF No. 11 at 2.) Defendant, in an attempt to clarify, filed a Statement of Non-Opposition highlighting Plaintiff's misstatement. (ECF No. 12 at 2.) The Court construes Plaintiff's statement as reflecting non-opposition to Defendant's repeatedly stated request for dismissal without prejudice.

wage for all hours worked, such as, requiring Plaintiff and non-exempt employees to undergo COVID-19-related temperature checks prior to clocking in.  (*Id.*)  Plaintiff alleges he and other non-exempt employees were frequently required to work without 10-minute breaks every four hours, and without 30-minute lunch breaks after five hours due to a lack of staffing and heavy workload.  (*Id.*)  Defendant did not compensate Plaintiff for its failure to provide these rest breaks and failed to provide itemized wage statements documenting employees' hours.  (*Id.* at 34-35.)

Plaintiff alleges Defendant failed to reimburse him and other non-exempt employees for all business expenses necessarily incurred, such as phone usage and purchasing both box-cutters and his uniform for work. (ECF No. 1 at 35, 41.)  On the day Defendant terminated Plaintiff, Defendant did not provide Plaintiff with his final paycheck.  (*Id.*)

**C.    The Arbitration Agreement**

Defendant's motion to compel arbitration relies on the arbitration agreement signed by the parties.  (ECF No. 9-3 at 27.)  The Agreement provides that "Company and Employee agree that any employment-related legal claims or controversies ('Claims') that Employee may have against the Company, or that the Company may have against Employee, must be resolved by arbitration instead of the courts, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under this Agreement" (*id.* at 7) and that "arbitration shall be final and binding upon the parties" (*id.* at 9).  The Agreement requires all Claims only be brought in "the party's individual capacity, and not as a plaintiff or class member in any class, collective[,] or representative proceeding . . . except that if a waiver of representative claims is not permissible by law," such as Private Attorney General Actions in the State of California.  (*Id.* at 7.)

**LEGAL STANDARDS**

**A.    Motion to Compel Arbitration**

The Federal Arbitration Act (FAA) governs arbitration agreements.  9 U.S.C. § 2.  The FAA affords parties the right to obtain an order directing arbitration proceed in the manner provided for in the agreement.  9 U.S.C. § 4.  To decide on a motion to compel arbitration, the Court must determine: "(1) whether a valid agreement to arbitrate exists [within the contract] and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pacific Seafood Group*,

822 F.3d 1011, 1017 (9th Cir. 2016) (*Boardman*) (brackets in original)). Given the "emphatic federal policy in favor of arbitral dispute resolution," *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985), "'doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Id*. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)).

**B.     Motion to Stay**

Under Section 3 of the FAA, a court, "upon being satisfied that the issue involved . . . is referable to arbitration, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. And yet, the Court has discretion to dismiss an action it has compelled to arbitration under Rule 12(b)(6) if it finds all the claims are arbitrable. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (*Thinket*).

**ANALYSIS**

**A.     The Court Grants Defendant's Unopposed Motion to Compel Arbitration**

Defendant moves to compel Plaintiff to "arbitrate his claims in binding arbitration" arguing that the "valid and enforceable written Agreement to Arbitrate" executed by Plaintiff and Defendant "covers all of the claims asserted in this lawsuit." (ECF No. 9-1 at 7.) Defendant states the Agreement "contains a class action waiver that requires Plaintiff to arbitrate his claims on an ***individual*** basis." (*Id*. (emphasis in original).) Plaintiff filed a Statement of Non-Opposition to Defendant's motion; he does not oppose the Court ordering his claims to arbitration because his "counsel has reviewed Defendant's presented arbitration agreement and finds that the agreement covers the claims present in Plaintiff's operative complaint." (ECF No. 11 at 2.)

The Court has reviewed the Agreement and concludes that Defendant has demonstrated that a valid agreement to arbitrate exists and that it covers the dispute at issue. *See Boardman*, 822 F.3d at 1017. Accordingly, the Court grants Defendant's motion to compel arbitration.

**B.     The Court Dismisses the Action Without Prejudice**

Defendant requests that the Court, after granting its motion to compel arbitration, dismiss

this action without prejudice. (ECF No. 9.) Plaintiff filed a Statement of Non-Opposition agreeing "to Defendant ALDI FOODS, INC.'s requested relief." (ECF No. 11 at 2.) Because all of Plaintiff's claims are subject to arbitration under the parties' Agreement, the Court can discern no reason to stay this action; further, Plaintiff has not provided the Court with any reason why it should do so. *See Thinket*, 368 F.3d at 1060.

Thus, the Court dismisses this action without prejudice.

## CONCLUSION

Accordingly:

1. Defendant's motion to compel arbitration (ECF No. 9) is granted;
2. The action is dismissed without prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  January 11, 2023  

UNITED STATES DISTRICT JUDGE

5